Albert Rothbaum and Mandel Astrahan, trading as Rothbaum & Astrahan, Plaintiffs in Error, v. Henry Levy, Defendant in Error.

### Gen. No. 20,722.     (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in this court at the October term, 1914. Reversed and judgment in this court. Opinion filed November 1, 1915. Rehearing denied November 15, 1915.

### Statement of the Case.

Action by Albert Rothbaum and Mandel Astrahan, trading as Rothbaum & Astrahan, plaintiffs, against Henry Levy, defendant, to recover $200 on the following contract:

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Rothbaum et al. v. Levy, 195 Ill. App. 246.

"This agreement, entered between Henry Levy, party of the first part, and Nathan Smelnitzky and Louis Astor, parties of the second part; Witnesseth: Whereas, said parties have assigned a certain judgment in favor of themselves against Annie Perlman for the sum of $650, of which sum $150 are due to Levy & Levy for legal fees, and in consideration of the said assignment the said Henry Levy, assignee, hereby undertakes to pay the $500 to the following persons: Sam Leviton, lumberman, the sum of $200 or less; Rothbaum, on account of judgment, $200 or less, and the balance to the North Side Sash and Door Co.

"Witness our hands and seals this 29th day of April, 1913.

> Henry Levy,
> N. Smalinsky,
> Louis Astor."

To reverse a judgment for plaintiffs, defendant prosecutes this writ of error.

I. B. PERLMAN, for plaintiff in error; M. A. MILKEWITCH, of counsel.

HARRY H. LEVY, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 319*—*when parol evidence inadmissible to vary terms of written contract.* In an action on a written contract, parol evidence tending to show that the contract was not to take effect until one of the parties had paid the other a certain sum of money, is inadmissible.

2. CONTRACTS, .§ 56*—*when delivery of written agreement not essential to validity.* Where a contract in writing is entered into whereby in consideration of the assignment to the party of the first part of a judgment rendered in favor of the parties of the second part against a third person, the party of the first part agrees to make certain payments to other persons, a delivery of the contract to the parties of the second part is not essential to its validity.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

3. EVIDENCE, § 333*—*when evidence as to consideration for contract admissible.* In an action on a contract whereby one party agrees to pay certain sums in consideration of the assignment to him of a judgment in favor of the other party against a third person, evidence that there was no judgment against such person at the time the contract was executed, and that the first party did not collect any money on the judgment, is admissible.